# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 93-30017-WDS |
| | ) | |
| RICHARD YARBOUGH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendant's pro se motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 88). The defendant seeks review of his sentence, and the retroactive application of amendments 591 and 674 of the Guidelines to his sentence. The defendant has also filed a motion for summary judgment on the pleadings (Doc. 89) and two motions to clarify how 18 U.S.C. § 924(e) and USSG § 4B1.4 do not apply (Docs. 90 and 91).

## ANALYSIS

### 1.   Defendant's motion under § 3582(c).

Under § 3582 a court may reduce a defendant's term of imprisonment if there has been a subsequent amendment to the guideline range that applies retroactively. This statute does not, however, allow a defendant to file a motion based on new case law or rulings. In fact, this Court's review under § 3582 is limited to the effect of the post-sentencing amendment on the guideline range. *See, eg. United States v. Smith,* 438 F.3d 796, 799 (7th Cir. 2006); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000); *United States v. Jordan*, 162 F.3d 1, 5 (1st Cir.

1998); *United States v. Tidwell*, 178 F.3d 9436, 949 (7th Cir. 1999) (a §3582(c) proceeding is not a "do-over of an original sentencing proceeding").  The Seventh Circuit has held that "[b]ecause § 3582 limits the substantive authority of the district court, it is a real 'jurisdictional' rule rather than a case-processing requirement." *Smith,* 438 F.3d at 799.

A district court must be authorized by statute or rule to reduce a sentence that has become final. See 18 U.S.C. § 3582(c); *Romandine v. United States*, 206 F.3d 731, 734-35 (7th Cir. 2000); *United States v. Bedonie*, 413 F.3d 1126, 1129 (10th Cir.2005); *United States v. Barragan- Mendoza*, 174 F.3d 1024, 1028 (9th Cir.1999); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). Section 3582(c)(2) is one source of authority, but it applies only if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

### A.     Amendment 647

Amendment 647 has not been made retroactive by the Sentencing Commission, and is not listed in U.S.S.G. § 1B1.10(c).  Therefore, the defendant is not entitled to review of his sentence pursuant to § 3582.  Defendant's motion with respect to Amendment 487 would be one that could, however, be reviewed as a post-conviction motion under 28 U.S.C. §2255.  As the court stated in *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005),

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. *See, e.g., Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.

However, the defendant has already had his one habeas filing, *Yarbough v. United States*, 253-

WDS, which was dismissed by this Court on August 26, 1998[1]. The defendant has not shown that the Seventh Circuit has issued an order authorizing this Court to entertain a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). Therefore, the Court **DENIES** defendant's motion with respect to Amendment 674.

### B.    Amendment 591

Amendment 591, unlike Amendment 674, is included in the list of amendments which are subject to review under §3582. U.S.S.G. §1B1.10(c). Amendment 591 amended U.S.S.G. §§ 1B1.1 and 1B1.2 to require courts to select the Chapter 2 offense guideline prescribed for the offense of conviction from the Statutory Index. Appendix A of the guidelines manual provides a method of connecting statutory offenses with offenses in the guidelines and directs courts on how to score various factors to calculate an offense level. Amendment 591 does not eliminate the Court's review of a defendant's relevant conduct in determining a sentence, but rather, instructs the sentencing court to select an offense guideline from Chapter 2 of the Guidelines Manual in order to determine the proper offense level.

The defendant does not specify *why* Amendment 591 would apply to his case, just that it does. Although he does not specifically raise either *Apprendi v. New Jersey*, 530 U.S. 466 (2000) or *United States v.* Booker, 543 U.S. 220 (2005), to the extent that he claims his sentence was somehow in violation of *Apprendi* and *Booker,* the Court rejects that contention. It is well settled that although § 3582(c) allows a defendant to file a motion to reduce sentence based on

---

[1] The Seventh Circuit remanded the § 2255 petition to this Court for reconsideration in light of the government's concession that the conviction on Count 2 should be vacated. The Court entered an order on July 6, 2000, vacating the conviction and sentence on Count 2, but affirming the sentence on each of Counts 1, 3, 4, 5, 6, 7, 8, and 9, and the defendant was sentenced to a term of two hundred sixty-two (262) months on each of Counts 1, 4, 5, 6, 7, 8, and 9, and a concurrent term of one hundred twenty (120) months on Count 3. *See Memorandum & Order*, Doc. 22.

3

appropriate retroactive amendments to the guidelines, it does not allow a defendant to seek a reduction in sentence based on new case law. *United States v. Moreno*, 421 F.3d 1217, 1220-21 (7th Cir. 2005). The only proper way to raise either an *Apprendi* or *Booker* claim is in a properly supported § 2255 motion. However, as previously noted, the defendant has already had his one habeas filing, and has not received permission from the Court of Appeals to file a second or subsequent petition.

Even if the relief defendant seeks is not covered by *Apprendi* or *Booker*, the Court FINDS that he is not entitled to relief. Amendment 591 did not act to prohibit courts from using relevant conduct, like drug quantities, to determine the offense level, rather, it merely instructs courts to use the offense guidelines in Chapter 2 to determine the offense level. *United States v. Kosmel*, 272 F.3d 501, 507 (7th Cir. 2001); *United States v. Rivera*, 293 F.3d 584, 586-87 (7th Cir. 2002). In this case, the Court used the offense level as set forth in § 2D1.1 to determine the defendant's base offense level. Simply put, the defendant is not entitled to relief under the retroactive application of Amendment 591 to his criminal conviction and sentence.

Therefore, upon review of the record, the Court **FINDS** that neither Amendment 674 nor Amendment 591 afford the defendant any relief in this matter and his motion to reduce, modify or correct sentence pursuant to 18 U.S.C. § 3582(c)(2), is **DENIED** on all grounds raised.

The defendant's motions for summary judgment, and to clarify how 18 U.S.C. §924(c) applies to his sentence are clearly attempts to seek correction of his sentence, which must also be presented in a § 2255 petition. Accordingly, the Court **DENIES** the defendant's motion for summary judgment (Doc. 89) and motions to clarify (Docs. 90, 91) because the defendant has already had his one habeas filing, and has not received permission from the Court of Appeals to

file a second or subsequent petition.

**IT IS SO ORDERED.**

**DATED: April 16, 2007.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**
